IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCO THONY CADEJUSTE,

     **Plaintiff,**

v.                                    **Case No. 4:26-cv-204-AW-MJF**

CLEMMONS,

     **Defendant.**

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

The magistrate judge issued a report and recommendation concluding the court should dismiss under the PLRA because Plaintiff is a three-striker who has not alleged imminent danger of serious physical injury. ECF No. 4. The report and recommendation relies on three cases, and Plaintiff says in his objection that one of those should not count. ECF No. 5. Having carefully considered the matter, I now reject the report and recommendation and return the case to the magistrate judge for further proceedings.

As Plaintiff notes, the order of dismissal in *Cadejuste v. Dade Correctional Institution*, Case No. 1:25-cv-25355, ECF No. 15 (S.D. Fla. Mar. 10, 2026) was based on shotgun-pleading issues. Although the order referenced the Rule 12(b)(6) standard and noted a complaint must state a plausible claim, its conclusion was not a merits-based decision about failure to state a claim. Its dismissal without prejudice was based on its conclusion that the operative complaint was "an impermissible

1

shotgun pleading that fails to give Defendants enough clarity to adequately respond." *Id.* at 7.

Admittedly, there was some ambiguity. The order said, for example, that the court had given "Plaintiff explicit instructions to allege 'enough facts to state a claim to relief that is plausible on its face' and 'stat[e] his claims as succinctly and clearly as possible'" and that "Plaintiff failed to abide by those instructions." *Id.* at 8. And as noted above, the order set out the plausibility standard. But ultimately, I conclude the dismissal was not based on Rule 12(b)(6). *See id.* at 1 ("For the following reasons, the Amended Complaint is DISMISSED as a shotgun pleading."); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1331 n.4 (11th Cir. 2021) (Tjoflat, J., concurring) (stating the failure to state a claim and the failure to satisfy Rules 8(a)(2) and 10(b) "are different" because the former is about the allegations' substance and the latter is about their form); *Wells v. Brown*, 58 F.4th 1347, 1358–59 (11th Cir. 2023) (en banc) ("[T]o count as a strike under the Act, we look to the prior order that dismissed the action (or appeal) and the reasons the court gave for dismissing it. In other words, we must interpret the prior order of dismissal and figure out what the dismissing court actually did.").

Because the *Cadejuste v. Dade Correctional* case does not count as a strike, the report and recommendation identifies only two valid strikes. Thus, the report and recommendation does not show dismissal under 28 U.S.C. § 1915(g) is appropriate.

Accordingly, the report and recommendation is rejected. The magistrate judge will conduct further appropriate proceedings.[1]

SO ORDERED on June 2, 2026.

s/ *Allen Winsor*
Chief United States District Judge

---

[1] One final note. The report and recommendation concluded "Plaintiff has incurred *at least* three strikes." It did not evaluate any other than the three identified, because there was no need to if those three counted. If it turns out Plaintiff has one or more additional strikes not referenced in the report and recommendation, dismissal under the PLRA may still be appropriate. Plaintiff has not contested the other twos strikes the report and recommendation identified, and he has not contested the magistrate judge's conclusion that there is no showing of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).